IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUSTIN WILLIAM ARMIJO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COSTCO WHOLESALE WAREHOUSE, INC., CARL CARRILLO, RANDAL LOCKWOOD, MANAGER; ANN KAMURA, MANAGER; LIANE SHIMOKU LOPEZ, MANAGER; HOKU, SUPERVISOR; ROBIN, MORNING WAREHOUSE MANAGER; ELAINE, KIM, SUPERVISOR; TIM WILEY, PAUL KARNUTH, LYNN, HR MANAGER; GARRET TONG, ESTER TUGURIAN, JOHN DOES 1-200,<br><br>　　　　　Defendants. | CIV. NO. 19-00484 ACK-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

FINDINGS AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN FORMA PAUPERIS

On September 6, 2019, Plaintiff Justin William Armijo commenced this action. ECF No. 1. Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed on September 6, 2019 ("IFP Application"). ECF No. 2. After careful review of the IFP Application, the Complaint, and the applicable law, the Court finds that based on the information provided by Plaintiff, it is unclear whether Plaintiff genuinely cannot afford to prepay the costs of initiating this action. Accordingly, the Court FINDS that Plaintiff's IFP Application should be DENIED with

leave to (a) pay the filing fee or (b) refile an application to clarify his current income and expenditures.

## DISCUSSION

Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP"). A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. 28 U.S.C. § 1915(a)(1); see Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life"). The litigant "need not be absolutely destitute[,] . . . but must allege poverty with some particularity, definiteness and certainty." Escobedo, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2020 Poverty Guidelines. This threshold is based on the number of persons in the applicant's family or household. However, Plaintiff's IFP Application is unclear as to how much Plaintiff contributes to his dependent. Moreover, Plaintiff indicates in his IFP Application that his gross wages are $0.00, and his take-home pay or wages are $0.00. Plaintiff does not specify the pay period. In addition, Plaintiff states in his Complaint that he is still employed by Defendant Costco Wholesale Warehouse, Inc. ("Defendant"), which conflicts with his IFP Application that states that he does not receive any income.

If Plaintiff is not being paid by Defendant or is not receiving money from any other source, he must clearly indicate this fact by generally clarifying his financial status in the IFP Application.  Plaintiff is reminded that Rule 11(b)(1) of the Federal Rules of Civil Procedure states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose . . . " Fed. R. Civ. P. 11(b)(1).

Based on the information Plaintiff provided, the Court FINDS that there is not enough information to determine whether Plaintiff qualifies for IFP status under 28 U.S.C. § 1915 because he failed to demonstrate that he cannot afford to prepay the costs of initiating this action.

If Plaintiff wishes to proceed with this action, he must either remit the appropriate filing fee or submit another application no later than two (2) weeks after the district court takes action on this Findings and Recommendation.  Failure to do so may result in the dismissal of this action.  Plaintiff is reminded that when the Court sets deadlines, failure to comply may result in the dismissal of a case or the imposition of sanctions.  See LR11.1. Plaintiff failed to meet the January 2, 2020 to file a Second Amended Complaint.  In the future, if Plaintiff seeks an extension, he must do so before the deadline expires.

//

//

CONCLUSION

The Court FINDS and RECOMMENDS that the district court:

1)   DENY Plaintiff's IFP Application WITHOUT PREJUDICE.

2)   GRANT Plaintiff leave to (a) pay the filing fee or (b) file another Application to Proceed in District Court Without Prepayment of Fees and Costs within two (2) weeks after the district court takes action on this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 25, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____
Civ. No. 19-484 ACK-RT; *Armijo v. Costco Wholsale Warehouse, Inc., et al.*; Findings and Recommendation to Deny Application To Proceed In Forma Pauperis