IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

———————————————————————
                                   )
JUSTIN WILLIAM ARMIJO,             )
                                   )
            Plaintiff,             )
                                   )
     v.                            ) Civ. No. 19-00484-ACK-RT
                                   )
COSTCO WHOLESALE WAREHOUSE, INC.,  )
et al.,                            )
                                   )
            Defendants.            )
———————————————————————)

ORDER GRANTING DEFENDANT COSTCO'S MOTION FOR PARTIAL DISMISSAL
OF THE SECOND AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE
STATEMENT [ECF NO. 39]

Plaintiff Justin William Armijo brought this lawsuit against his employer Defendant Costco Wholesale Corporation asserting claims for, <u>inter alia</u>, disability, sex, and race discrimination and retaliation.  Costco has moved under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for partial dismissal of Armijo's state-law discrimination claims and his race- and sex-related Title VII discrimination and retaliation claims, as well as for an order under Rule 12(e) requiring Armijo to file an amended complaint with a more definite statement as to his other remaining claims.  For the reasons detailed below, the Court GRANTS Costco's Motion for Partial Dismissal of the Second Amended Complaint and GRANTS Costco's Motion for More Definite Statement, ECF No. 39.

- 1 -

**BACKGROUND**

## I.   Procedural Background

On November 29, 2017, Armijo filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") asserting that he had been subjected to disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 (the "ADA").  Zorc Decl. Ex. B, ECF No. 39-4.  He asserted that the discrimination and retaliation took place between November 2, 2016, and May 23, 2017, and he checked the box signaling a "continuing violation." Id.  Armijo's EEOC charge did not check the box indicating that he wanted the claim filed with the Hawai`i Civil Rights Commission ("HCRC"), id., and no charge was ever filed.  The EEOC ultimately denied the charges and issued its dismissal and right-to-sue-letter on June 7, 2019.  Zorc Decl. Ex. D, ECF No. 39-6.

Armijo filed this lawsuit three months later.  ECF No. 1.  In light of certain deficiencies in the original complaint and then the first amended complaint, Armijo filed the operative second amended complaint on February 21, 2020.  ECF No. 13 (the "2AC").  Costco filed its Motion for Partial Dismissal of Second Amended Complaint Filed February 21, 2020 [Doc 13] and Motion for More Definite Statement (the "Motion") on October 30, 2020. ECF No. 39.  Armijo filed his Opposition on March 2, 2021, ECF

No. 51, and Costco filed its Reply on March 15, ECF No. 53.  A telephonic hearing was held on March 29.

## II.  Factual Allegations

Armijo's suit centers around allegations that he experienced disability- and race-related discrimination and sexual harassment while working as a loss-prevention and then member-services employee at a Costco store on the Big Island of Hawai`i.  As Costco points out, the 2AC is difficult to follow. Below the Court attempts to summarize the substance of Armijo's claims:

The 2AC begins by listing nineteen "separate and individual wrongful acts or infringements."  2AC at 2.[1]  Armijo appears to base his various claims around a 2016 incident that resulted in an on-the-job injury.  2AC at 3-4.  Specifically, he asserts that he was injured when he was forced to conduct clean-up maintenance despite being under work restrictions while recovering from another injury.  2AC at 4.  From the time of that injury, Armijo alleges that he experienced "bias, discrimination, harassment, and other negative management practices and management tactics."  2AC at 3 (internal quotations marks omitted).

---

[1]  Because it lacks clear pagination, numbered paragraphs, or any other identifiable organization, the Court uses the ECF page numbers for any citations to the 2AC throughout this Order.

Armijo describes what he calls a "hostile work environment" and a failure by Costco to prevent harassment, including "verbal [h]arassment based on his [d]isability."  2AC at 4.  He alleges that one of his "managers/supervisors" intimidated and physically harassed him, resulting in a "long sustained pattern of severe and pervasive harassment and inappropriate conduct directed at [Armijo] beginning in 2016."  2AC at 4.  Armijo details various incidents that he describes as harassing and discriminatory statements by various Costco managers.  2AC at 5-7.  Many of the incidents Armijo describes do not indicate what the so-called discrimination or harassment was based on.  But reading the 2AC as a whole, it appears that Armijo attributes the comments and incidents to discrimination largely on the basis of his disability, but also to race-based discrimination or sexual harassment.  See 2AC at 6-7.

Based on Armijo's various factual allegations, he appears to allege eight claims about Costco's failure to train managers to understand disability accommodations and to ensure proper oversight and company management.  See 2AC at 7.

## STANDARDS

### I.    Rule 12(b)(1)

A defendant may challenge a court's subject matter jurisdiction under Rule 12(b)(1).  "A party invoking the federal

court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

A challenge to a court's subject matter jurisdiction may be either "facial" or "factual."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).  By contrast, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id. (quoting Safe Air, 373 F.3d at 1039).  The moving party may bring a factual challenge to the court's subject matter jurisdiction by submitting "affidavits or any other evidence properly before the court."  Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).  The nonmoving party must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject-matter jurisdiction."  Id. (quoting St. Clair, 880 F.2d at 201).  In these circumstances, the court may look beyond the complaint without having to convert the motion into one for summary

judgment.  U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1200 n.2 (9th Cir. 2009), overruled on other grounds by U.S. ex rel. Hartpence v. Kinetic Concepts, Inc., 792 F.3d 1121, 1128 n.6 (9th Cir. 2015).

Here, the Court construes Costco's as bringing a factual challenge.  Although the 2AC does not necessarily allege plausible facts that would invoke jurisdiction on their own, Costco still relies on other evidence—primarily the EEOC charge— to establish that Armijo in fact failed to exhaust his administrative remedies.

## II.    Rule 12(e)

Under Rule 12(e) "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Rule 8 requires a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  See Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870 (9th Cir. 1991) (citation and internal quotation marks omitted).

## III.   Special Considerations for Pro Se Litigants

Pro se pleadings and briefs are to be construed liberally.  Balisteri v. Pacifica Police Dep't., 901 F.2d 696 (9th Cir. 1990).  "[A] pro se complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). The Court should act with leniency toward pro se litigants when they technically violate a rule. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Motoyama v. Haw. Dep't of Transp., 864 F. Supp. 2d 965, 975 (D. Haw. 2012). That said, pro se litigants are "not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). Pro se litigants must follow the same rules of procedure that govern other litigants. Motoyama, 864 F. Supp. 2d at 975.

## **DISCUSSION**

While not entirely clear, Armijo's 2AC alludes to claims for employment discrimination and retaliation under Title VII and Hawai`i state law.[2/] See 2AC at 9-11. Costco's Motion

---

[2/] The 2AC uses other language suggesting that Armijo asserts claims for forgery, negligence, conspiracy, intentional or negligent infliction of emotional distress, and breach of contract, as well as for violations of California's Fair Employment and Housing Act, the Occupational Safety and Health Act, the Health Insurance and Portability Act, the Family and Medical Leave Act, and other federal civil rights laws relating to the release of medical information. 2AC at 8-13. The Court does not address these claims in detail because they are outside the scope of Costco's Motion, which focuses on the discrimination claims. As discussed below, Plaintiff will be required to file an amended complaint with a more definite statement of any remaining claims.

seeks partial dismissal of the 2AC for lack of subject-matter jurisdiction over the discrimination claims.[3/]  Specifically, Costco argues that Armijo failed to exhaust any discrimination claims brought under state law, and that he failed to exhaust his race- and sex-related discrimination claims brought under Title VII.  Costco also asks the Court to, with respect to the remaining claims, require Armijo to file an amended complaint that complies with Rule 8 and 10.  The Court will first discuss whether Armijo has failed to exhaust any state-law claims and any Title VII claims based on race or sex discrimination.  The Court will then address Costco's request for a more definite statement as to any claims that remain.

---

[3/]  The Court acknowledges that Costco's Reply addresses additional claims as well.  Reply at 5-7.  It responds to Armijo's attempt in his Opposition to bolster his claims for negligence and negligent/intentional infliction of emotional distress, rather than to address the exhaustion problems with his discrimination claims.  See Opp. at 2-5.  Although Costco asks the Court to dismiss the negligence and emotional distress claims with prejudice, the Court declines to do so at this time given Armijo's status as a pro se litigant, the ambiguous factual allegations in the 2AC, and the fact that those claims are outside the scope of Costco's original Motion.

That said, the Court advises Armijo that Hawai`i law bars negligence-based claims and certain emotional distress claims if the underlying factual allegations implicate the employee's right to worker's compensation based on a work-related injury.  See Haw. Rev. Stat. ("HRS") § 386-5; see also Courtney v. Canyon Television & Appliance Rental, Inc., 899 F.2d 845, 81 (9th Cir. 1990) (finding that intentional infliction of emotional distress claims arising out of alleged employment discrimination are barred by HRS § 386-5); Beckmann v. Ito, 430 F. Supp. 3d 655, 681 (D. Haw. 2020) ("[T]he Hawaii Workers' Compensation Act bars claims based on negligence" (citation omitted)); Nelson v. Univ. of Haw., 97 Haw. 376, 393, 38 P.3d 95 (2001) ("Generally, the workers' compensation scheme serves to bar a civil action for physical and emotional damages resulting from work-related injuries and accidents.").

I.   **State Law Discrimination Claims**

While he does not state as much outright in the 2AC, the Court assumes for purposes of this Motion that Armijo intends to assert a claim for unlawful employment discrimination under chapter 378 of the Hawai`i Revised Code.  Costco argues that the claim is barred by Armijo's failure to exhaust the administrative remedies provided by state law.  Mot. at 9-10. For the reasons discussed below, the Court agrees.

Under Hawai`i law, when a remedy is available from an administrative agency, a party must exhaust that remedy before seeking judicial relief.  See Pele Def. Fund v. Puna Geothermal Venture, 9 Haw. App. 143, 151, 827 P.2d 1149 (1992).  An individual claiming to be aggrieved by an alleged unlawful discriminatory practice may file a complaint with the HCRC, upon receipt of which the HCRC's executive director shall investigate the matter.  See HRS §§ 368-11 & 368-13.  The HCRC may then issue a notice of right to sue upon written request by the complainant.  See id. § 368-12.  The Hawai`i Supreme Court has held that that the receipt of a notice of right to sue is a precondition to bringing a civil action for violation of chapter 378.  See Ross v. Stouffer Hotel Co., 76 Haw. 454, 460, 879 P.2d 1037 (1994).  Accord Linville v. Hawaii, 874 F. Supp. 1095, 1104 n.4 (D. Haw. 1994) (dismissing the plaintiff's claims as

"premature" because plaintiff failed to present a right-to-sue under HRS §§ 378-2 and 378-62).

Hawai`i law requires that a complainant file a charge with the HCRC within 180 days after the date "[u]pon which the alleged unlawful discriminatory practice occurred" or after "the last occurrence in a pattern of ongoing discriminatory practice." HRS § 368-11(c). The Hawai`i Supreme Court treats this as a "statute of limitations period." Sam Teague, Ltd. v. Haw. Civ. Rights Comm'n, 89 Haw. 269, 276, 971 P.2d 1104 (1999); see also Reyes v. HMA, Inc., Civ. No. CV07-00229 SOM/KSC, 2008 WL 1883904, at *2-3 (D. Haw. Apr. 28, 2008). Hawai`i has a worksharing agreement with the EEOC, so administrative claims with the EEOC are generally deemed "dual-filed" with the HCRC (or vice-versa). U.S. Equal Emp. Opportunity Comm'n v. NCL Am. Inc., 504 F. Supp. 2d 1008, 1009-10 (D. Haw. 2007).

Here, Armijo filed his charge with the EEOC on November 27, 2017, but the charge was not dual-filed with the HCRC. See Zorc Decl. Ex. B. The HCRC instead advised Armijo that there was no pending complaint or file with the HCRC "because the complaint was filed within the EEOC 300 day federal statute of limitations, but not within the HCRC 180-day statute of limitations." Zorc Decl. Ex. C, ECF No. 39-5. In other words, Armijo's complaints were timely under federal law but

late under state law.[4/]  See NCL Am. Inc., 504 F. Supp. 2d at
1009-10.

Simply put, Armijo failed to timely file a complaint
with the HCRC and to obtain a notice of right to sue, a
"precondition" for filing suit.[5/]  See Ross, 76 Haw. at 460, 879
P.2d 1037.  For that reason, this Court lacks subject-matter
jurisdiction to review the merits of Armijo's state-law
discrimination claims and those claims are thus DISMISSED.
Because over 180 days have passed since the alleged misconduct,
Armijo cannot bring a new charge of discrimination against
Costco under state law for the same events.[6/]  Accordingly, any
amendment concerning the state-law claims would be futile and
the claims are thus dismissed WITH PREJUDICE.

---

[4/]  Although the "continuing violation" box in the EEOC charge is
checked, the form indicates that the discrimination took place between
November 2, 2016, and May 23, 2017.  As the HCRC explained in its letter to
Armijo, the acts Armijo complained of in the EEOC charge occurred more than
180 days before the charge was filed, making it untimely under the HCRC's
shorter deadline.  See Zorc Decl. Exs. B & C.  There are some vague
allegations in the 2AC of events possibly occurring in 2018 or possibly 2019,
see, e.g., 2AC at 6 (alleging sexual harassment that occurred "through 2018-
2918 [sic]"); id. at 20 (alleging that on "8/26/19 Costco attempted to force
Plaintiff back to work again"), but those appear to be typographical errors
or referencing different events altogether.  Indeed, at the hearing, Armijo
confirmed that the alleged sexual harassment and hostile work environment
existed from 2016 through 2017, while he was actively employed with Costco.
[5/]  Armijo does not dispute this point.  Instead, he emphasizes that he
sent "written complaints" to Costco's headquarters.  The Court is sympathetic
to the complex procedural requirements a claimant—particularly one that is
unrepresented by counsel—must navigate in a discrimination case.  But the
internal complaints Armijo relies upon do not satisfy the exhaustion
requirements under the law.
[6/]  This dismissal does not preclude Armijo from filing further charges—
as is his right—with respect to events that occurred after those described in
the 2AC.  At the hearing, however, Armijo confirmed that the 2AC covers
events that occurred during his active employment with Costco, between 2016
and 2017, which could not support a new HCRC charge as more than 180 days
have passed.

## II.   **Title VII Claims**

Turning next to the Title VII discrimination and retaliation claims, Armijo has failed to exhaust some of his claims.  Specifically, while the Court has subject matter jurisdiction to consider Armijo's disability-related discrimination and retaliation claims, it lacks jurisdiction to the extent that Armijo asserts discrimination or retaliation based on sex or race.[7]

To establish a federal district court's subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust his administrative remedies by filing a timely charge with the EEOC.  See 42 U.S.C. § 2000e-5(f); see also Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002).  This administrative charge requirement serves the purposes of "giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision."  Freeman, 291 F.3d at 636 (quoting B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002)).

As discussed above, Armijo timely filed a charge with the EEOC as to his disability discrimination claims.  See Zorc

---

[7]   The Court notes that the 2AC does not appear to explicitly assert race-related discrimination claims.  Armijo in his Opposition seems to agree.  See Opp. at 6 ("Plaintiff is having difficulty finding or seeing this complaint of race discrimination in any complaint.").  He also admitted at the hearing that he does not make any allegations of discrimination based on his race.  Nonetheless, out of an abundance of caution, the Court includes any race-related discrimination claim in its exhaustion analysis.

Decl. Ex. B.  The EEOC investigated the charge and issued a
dismissal and notice of right to sue.  Zorc Decl. Ex. D.  Costco
does not challenge that point.  Instead, it asserts that the
Court only has jurisdiction over Armijo's disability-related
discrimination and retaliation claims, because those are the
only claims described in the EEOC charge.  Mot. at 11-12.
Indeed, Armijo's EEOC charge checked only two boxes for
"DISCRIMINATION BASED ON": "retaliation" and "disability."  Zorc
Decl. Ex. B.  The boxes for race, color, and sex are all
unchecked.  Id.  In turn, Armijo's narrative of his allegations
focuses on his disability and Costco's alleged failure to
provide reasonable accommodations.  Id.  It says nothing about
discrimination based on sex or race.  See id.

A federal district court has subject matter
jurisdiction over claims of discrimination that were not
included in a plaintiff's EEOC charge only if those new claims
are "like or reasonably related to" the allegations contained in
the EEOC charge, Freeman, 291 F.3d at 636 (quoting Oubichon v.
North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973)), or
if they are "within the scope of the EEOC's actual investigation
or an EEOC investigation which can reasonably be expected to
grow out of" the EEOC charge, id. (quoting B.K.B., 276 F.3d at
1100).  The EEOC charge should be construed with the utmost
liberality.  Id.  In determining whether the exhaustion

- 13 -

requirement has been satisfied, a court may consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, and any locations at which discrimination is alleged to have occurred. Id.  "The crucial element of a charge of discrimination is the factual statement contained therein."  Id. (quoting B.K.B., 276 F.3d at 1100).

Relevant here, Armijo asserts in the 2AC that he was subject to discrimination and retaliation based on disability, as well as sexual harassment and a hostile work environment.  He describes a "long sustained pattern of severe and pervasive harassment and inappropriate conduct directed at the plaintiff beginning in 2016."  2AC at 4.  Costco asserts that Armijo's EEOC complaint "fails to allege any claims of sex harassment or race discrimination (or any related retaliation as to either)," and that "the allegations of sex harassment and race discrimination are distinct from the disability discrimination claims alleged in the Charge."  Mot. at 11.  According to Costco, the Court only has jurisdiction over the allegations related to discrimination based on Armijo's disability.  Based on its review of the EEOC charge and the 2AC, the Court agrees.

The factual allegations in Armijo's EEOC complaint relate exclusively to Armijo's disability and Costco's alleged failure to provide reasonable accommodations.  Zorc Decl. Ex. B

- 14 -

("[Costco] failed to engage in an interactive process with me to provide me a reasonable accommodation."). The allegations of discrimination and retaliation likewise relate to Armijo's disability, not his sex or race. See id. ("[Costco] retaliated against me for requesting reasonable accommodations and suspended me on May 23, 2017."); id. ("I believe I was discriminated against because of my disability in violation of the Americans with Disabilities act of 1990, as amended."); id. ("I was retaliated against for engaging in protected activity in violation of the Americans with Disabilities Act of 1990, as amended.").

The Court thus finds that Armijo's EEOC complaint covers only Costco's alleged failure to accommodate Armijo's disability, as well as any related disability discrimination or retaliation. Armijo has not exhausted his claims as to a hostile work environment, sexual harassment, and any form of race or sex discrimination or retaliation to the extent asserted in the 2AC.[8/] See Swinnie v. Geren, 379 Fed. App'x 665, 667 (9th

---

[8/] The Court notes as well that Armijo's sexual harassment and hostile work environment claims raise potential problems on the merits as well. For one, Armijo has not identified how any retaliation he faced was based on his race, sex, disability, or some protected category. Moreover, his allegations of a "hostile work environment" are based on general allegations of workplace negligence; he does not identify how his employer's conduct implicates any EEO issues. Likewise, while Armijo has alluded to possible retaliation based on his filing a worker's compensation claim for an on-the-job injury, such retaliation would not fall within Title VII (which is an anti-discrimination statute). Without making any findings or rulings on the merits, the Court notes that such a claim would better fall under Hawai`i's worker's compensation statutes, e.g. HRS § 378-32(2), or under the Hawai`i Occupational Safety and Health Law.

Cir. 2010) (holding that dismissal of hostile work environment claim was proper where plaintiff's EEOC complaint alleged discrete acts of discrimination that "would not have put the EEO investigator on notice of a pattern of conduct sufficiently severe or pervasive so as to create an abusive work environment" (internal quotation marks omitted)); Aramburu v. Boeing Co., 112 F.3d 1398, 1409–10 (10th Cir. 1997) (rejecting the argument that plaintiff's "hostile environment claim is reasonably related to his wrongful discharge claim simply because all of [employer's] conduct is related").

In sum, Armijo failed to exhaust any discrimination allegations that are raised in his lawsuit but were not described in the EEOC charge.  These allegations—particularly of sexual harassment or discrimination—largely involved different perpetrators and occurred after the EEOC charge had already been filed, so "[a] reasonable investigation by the EEOC would not have encompassed these allegedly retaliatory [or discriminatory] acts."  Vasquez v. Cty. of L.A., 349 F.3d 634, 645 (9th Cir. 2003).  That is, although Armijo's allegations in this lawsuit may raise sex and race discrimination claims, there is nothing in the 2AC (or any documents submitted by either party) to suggest that those allegations were administratively exhausted before the EEOC.  See, e.g., Scott v. Mantech Int'l Corp., Civ. No. 18-00359 JMS-RT, 2019 WL 383991, at *6 (D. Haw. Jan. 29,

2019) (dismissing disability claim for failure to exhaust where the complaint form did not check the "disability" box, and no other information suggested that disability was part of the scope of the investigation).  Accordingly, the Title VII discrimination, retaliation, and hostile work environment claims based on sex or race are DISMISSED.  The lawsuit may proceed based only on allegations of disability discrimination or retaliation, including violations of the ADA.

Like the state-law claims, the period for filing a charge with the EEOC (300 days) has passed, since the alleged misconduct occurred in 2016 through 2017.  Thus, any amendment would be futile and dismissal of the Title VII race and sex discrimination, retaliation, and hostile work environment claims is WITH PREJUDICE.

**III. More Definite Statement**

The Court now turns to the claims over which it has jurisdiction (the disability discrimination and retaliation claims) and the claims not addressed by the pending Motion (any non-discrimination claims).  Costco requests that the Court order Armijo to provide a more definite statement regarding the substance of the remaining claims.  Costco seeks clarification regarding the specific claims being asserted by requiring that Armijo separate and number each cause of action.  Mot. at 2, 11.

A district court may grant a motion for a more
definite statement "when a complaint is so 'vague or ambiguous
that a party cannot reasonably be required to frame a responsive
pleading.'"  Sierra Club v. City & Cty. of Honolulu, 415 F.
Supp. 2d 1119, 1125 (D. Haw. 2005) (quoting Fed. R. Civ. P.
12(e)); see also McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.
1996) ("Prolix, confusing complaints . . . impose unfair burdens
on litigants and judges.").  The Court finds that the 2AC fits
that description here.  Not only is it verbose and difficult to
follow, but it also lacks any numerical organization allowing
for precise admissions or denials on behalf of Costco.  Although
some of Armijo's claims are clearly stated (e.g., his claim for
disability discrimination), Armijo alludes to many other
statutes and legal claims without clarifying whether he intends
to bring individual causes of action based thereon (e.g., a
right to privacy, assault, negligence, and various statutes).
While the Title VII discrimination claims can be inferred from
the allegations and from the existence of the EEOC charge, it is
unclear the extent to which Armijo seeks to assert other causes
of action.  Accordingly, Costco cannot reasonably be required to
adequately respond to the 2AC.

The Court GRANTS Costco's Motion for a more definite
statement and ORDERS Armijo to file an amended complaint
providing a more definite statement within 60 days issuance of

this Order.  The amended complaint should (1) add visible page numbers, (2) add paragraph numbers for each individual paragraph, and (3) state clearly the specific causes of action Armijo seeks to bring against Costco and the supporting factual allegations for each.

        The Court also reminds Armijo of the general pleading requirements for a complaint:  Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929).  "[A] complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Id. (citing Twombly, 550 U.S. at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

- 19 -

misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u>

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court GRANTS Costco's Motion as follows:

1.   To the extent that the 2AC asserts any discrimination or retaliation claims grounded in state law, those claims are DISMISSED WITH PREJUDICE for failure to exhaust.

2.   To the extent that the 2AC asserts any race- or sex-related discrimination, retaliation, or hostile work environment claims based on Title VII, those claims are DISMISSED WITH PREJUDICE for failure to exhaust.

3.   If Armijo wishes to continue pursuing any remaining claims asserted in the 2AC, he must file an amended complaint with a more definite statement of his claims, consistent with the Court's instructions throughout this Order.  Any amended complaint must be filed within **60 days** of the filing of this Order. Armijo is forewarned that he is granted leave to

provide a more definitive statement only to replead and clarify those remaining claims already asserted in the 2AC.  Any amendment must address the deficiencies identified in this Order.

Finally, the Court recommends that Armijo continue to seek counsel to represent him in this matter.  To assist him in obtaining an attorney, the Court provides the following resources for legal assistance and/or referrals:

1. Hawai`i State Bar Association's Lawyer Referral & Information Service

   Phone: (808)-537-9140

   Website: http://hawaiilawyerreferral.com

2. Legal Aid Society of Hawai`i

   Phone: (808)-536-4302

   Website: www.legalaidhawaii.org

3. Volunteer Legal Services Hawai`i

   Phone: (808)-528-7046

   Website: www.vlsh.org

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, April 2, 2021.



_____
Alan C. Kay
Sr. United States District Judge

<u>Armijo v. Costco Wholesale Warehouse, Inc., et al.</u>, Civ. No. 19-00484 ACK-RT,
Order Granting Defendant Costco's Motion for Partial Dismissal of the Second
Amended Complaint and Motion for More Definite Statement [ECF No. 39].